Rawlinson, Circuit Judge, concurred in the result.

Lael SAMONTE, Plaintiff—Appellant,

v.

Kay BAUMAN; Linda C. Lingle, Governor, Defendants— Appellees.

No. 06–16697.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Dec. 5, 2007.

Filed Jan. 18, 2008.

Amit Kurlekar, Esq., Akin Gump Strauss Hauer & Feld, LLP, San Francisco, CA, for Plaintiff–Appellant.

Lael Samonte # A0078808, RRCC—Red Rock Correctional Center, Eloy, AZ, pro se.

Arthur F. Roeca, Esq., Roeca Louie & Hiraoka, April Luria, Roeca, Louie & Hiraoka, Mark J. Bennett, Esq., Nancy Albano, Esq., AGHI—Office of the Hawaii Attorney General, Honolulu, HI, for Defendants–Appellees.

Before: B. FLETCHER, CANBY, and RAWLINSON, Circuit Judges.

MEMORANDUM *

Lael Samonte brought this action seeking monetary and injunctive relief against Dr. Kay Bauman and Hawai'i Governor Laura Lingle under 42 U.S.C. § 1983. Samonte alleged that the defendants violated his Eighth Amendment rights by exhibiting deliberate indifference toward Samonte's serious medical needs while Samonte was in prison at the Halawa Correctional Facility in Hawai'i. The district court dismissed Samonte's claim for injunctive relief, dismissed his claim against the governor, and granted summary judgment in favor of Dr. Bauman. Samonte now appeals. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

I. Deliberate Indifference

We review de novo the district court's grant of summary judgment. *See Arakaki v. Hawaii*, 314 F.3d 1091, 1094 (9th Cir. 2002).

 The district court did not err in granting summary judgment for Dr. Bauman because no rational trier of fact could find that Dr. Bauman's actions constituted deliberate indifference to a serious medical need.[1] To show deliberate indifference to a serious medical need in violation of the Eighth Amendment, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006). During Dr. Bauman's tenure as medical director at Halawa, Samonte waited three months for his eye doctor appointment. When Samonte did eventually meet Dr. Nakamoto, the doctor recommended that Samonte get bifocals and have an annual follow-up exam. The record contains no evidence that the delay involved purposeful failure to respond to pain or that it caused Samonte any additional harm or permanent damage.

Samonte also claims that the significant delay prior to his eye surgeries, over two years from his initial complaint until his pterygium surgery and even longer for his cataract surgery, amounted to deliberate indifference. Contrary to this contention, however, the record demonstrates that Samonte routinely saw doctors to monitor his condition, and when they deemed it medi-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Because we hold that Samonte has not raised a triable issue that Dr. Bauman was deliberately indifferent, we do not reach the issue of whether Samonte could have shown a genuine issue of fact with respect to a serious medical need. For the same reason, we do not reach the question of Dr. Bauman's qualified immunity. *See Phillips v. Hust*, 477 F.3d 1070, 1079 (9th Cir.2007) (setting out two-step inquiry for determining whether an official has qualified immunity).

cally necessary, he received the pterygium surgery. Dr. Bauman's refusal to authorize cataract surgery after another doctor determined that such surgery was an option was a "difference of medical opinion," insufficient by itself to raise a triable issue of deliberate indifference. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996).

## II. Dismissal of the Claims against Governor Lingle

We review de novo the district court's dismissal, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir.2005).

■ The district court properly dismissed Samonte's claims against Governor Lingle. Governor Lingle is not liable merely by reason of her office because there is no general *respondeat superior* liability under § 1983; "the state official must play a personal role in the constitutional deprivation to be liable." *Redman v. County of San Diego*, 942 F.2d 1435, 1446 (9th Cir.1991) (en banc). The only allegation in the complaint relating to Governor Lingle stated that Samonte had written letters to her complaining about his medical care, and had received no reply. Samonte did not allege that Governor Lingle had any personal involvement in delaying or denying his medical treatment. Without any such allegation, the complaint failed to state a claim against the governor.

## III. Dismissal of Samonte's Claim for Injunctive Relief

Samonte requested two forms of injunctive relief. First, he requested that the court order that he be provided with cataract surgery. Second, he requested a transfer from Florence Correctional Cen-

ter in Arizona back to Hawai'i because of alleged security risks at the Florence facility. Because Samonte has received cataract surgery and has been transferred to a different facility in Arizona, the court cannot grant the relief requested. Both of these claims are therefore moot, and the district court correctly dismissed them. *See Am. Rivers v. Nat'l Marine Fisheries Serv.*, 126 F.3d 1118, 1123 (9th Cir.1997) ("If an event occurs that prevents the court from granting effective relief, the claim is moot and must be dismissed.").

## IV. Conclusion

The judgment of the district court is **AFFIRMED.**

RAWLINSON, Circuit Judge, concurring:

I concur in the result.